No. 293

No. 18757—Edith I. O'Brien, Admrx., v. Mary O'Brien and Second National Bank of Toledo, Ohio. Error to the Court of Appeals of Lucas county.

572. GIFTS—In action by donee to recover personal property from representative of al-leged donee, proof of intention to give, with-out proof of delivery, is insufficient to carry case to jury.

2. Delivery to a third person of a paper writing describing the property and indicat-ing an intention to give, without directions, does not constitute delivery.

ROBINSON, J.

1. In an action by an alleged donee to recover personal property, or its value, from the legal representative of an alleged donor, proof of the intention on the part of the alleged donor to make the gift, either inter vivos or causa mortis, without proof of de-livery of the thing given, actual or construc-tive, to the donee, or to some person as agent or trustee of the donee, either designated by the donor or known by the donor to have been designated by the donee, is insufficient to carry the case to the jury.

2. Delivery of a paper writing, describing personal property and indicating an intention to give such personal property to the alleged donee, to a third person by an alleged donor in the presence of the alleged donee, without any direction or instruction from either, does not constitute a delivery to the alleged donee.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur. Kinkade, J., not participat-ing.

---

Weekly Abstract of
PENDING CASES

No. 294

STATE v. FERRANTO

No. 18916—Supreme Court.

On motion to file petition in error to the Cuyahoga Appeals. Dock. Jan. 16, 1925. 3 Abs. 50; Mo. allowed, 3 Abs. 114.

327. COURTS—Does the granting of mercy come within province of trial court?

333. CRIMINAL LAW—Where plea of guilty is entered after evidence is in, should case be submitted to the jury? Is jury dis-charged when trial court accepts changed plea of guilty?

Cosmo Ferranto was on trial for murder of a two year old child in the Cuyahoga Common Pleas. The case had proceeded to a point where the opening argument of the State's attorney had been concluded. At this time Ferranto indicated his intention of entering a plea of guilty under 13692 GC. The plea was entered and the court found Ferranto guilty of murder in the first degree, and he was later sentenced to be electrocuted.

Error was prosecuted and the Court of Ap-peals which, in reversing the common pleas, held:

1. That the Court should have refused the plea of guilty and the case should have been submitted to a jury since all the evidence be-ing in.

2. The jury was not discharged when the court accepted the plea of guilty.

3. That the trial court should not grant mercy to Ferranto, that being the province of the jury.

The State contends that the court had the power to grant mercy, that the trial court was impowered to accept a plea of guilty, that when the plea was finally accepted the jury became automatically discharged.

Attorneys: C. E. Stanton for State; G. D. Costello for Ferranto; both of Cleveland.